THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED CAPITAL FUNDING CORP.,<br><br>Plaintiff,<br><br>v.<br><br>ERICSSON, INC.,<br><br>Defendant and<br>Third-Party Plaintiff,<br><br>v.<br><br>KYKO GLOBAL, INC.<br><br>Third-Party Defendant. | CASE NO. C15-0194-JCC<br><br>ORDER GRANTING PARTIAL SUMMARY JUDGMENT FOR DEFENDANT ERICSSON |

This matter comes before the Court on Defendant Ericsson's Motion for Partial Summary Judgment (Dkt. No. 52) and supporting declarations and exhibits (Dkt. Nos. 53–55), Plaintiff UCF's Response (Dkt. No. 62) and supporting declarations and exhibits (Dkt. Nos. 63 and 64), Ericsson's Reply (Dkt. No. 72), UCF's Cross-Motion for Summary Judgment (Dkt. No. 74), supporting declarations and exhibits (Dkt. Nos. 75–77), Ericsson's Response (Dkt. No. 83), and

1  UCF's Reply (Dkt. No. 85).[1]

2  Having thoroughly considered the parties' briefing and the relevant record, the Court
3  finds oral argument unnecessary and hereby GRANTS Ericsson's motion (Dkt. No. 52) and
4  DENIES UCF's cross-motion (Dkt. No. 74) for the reasons explained herein.

5  **I.  BACKGROUND**

6  The above-captioned matter concerns four businesses: Plaintiff United Capital Funding
7  Corp. ("UCF"), Defendant Ericsson, Inc. ("Ericsson"), Third-Party Defendant Kyko Global, Inc.
8  ("Kyko"), and non-party Prithvi Solutions, Inc. ("Prithvi"). At the center of the present litigation
9  is the question of whether assignments made by Prithvi to UCF were legitimate.

10 **A.  Contractual Relationships Between the Respective Parties and Prithvi**

11 Prithvi is a "global provider of IT Consulting and Engineering solutions." *See About Us*,
12 PRITHVI SOLUTIONS, INC., http://www.prithvisolutions.com/Aboutus/AboutUs.aspx (last visited
13 Dec. 14, 2015). On September 27, 2010, Prithvi and Plaintiff UCF entered into an agreement
14 providing that UCF, a factoring company, would eventually purchase Prithvi's accounts.[2] (Dkt.
15 No. 1 at 3.) Prithvi formally assigned its accounts receivable to UCF via 22 invoices dated
16 between March 24, 2014 and May 6, 2014 through the signature of its purported CEO, Madhavi
17 Vuppalapati. (Dkt. No. 57-1 at 19–60.)

18 The legitimacy of these assignments from Prithvi to UCF forms the core dispute on these
19 cross-motions; Defendant Ericsson contends that the assignments were signed by Prithvi's CEO
20 after he[3] had already resigned, rendering them ineffective. (Dkt. No. 52 at 6.)

21 _____

22 [1] On October 27, 2015 the Court set these motions on for oral argument as required under *Jasinski v. Showboat Operating Co.* 644 F.2d 1277, 1278 (9th Cir. 1981). (Dkt. No. 92.) Subsequently, the parties withdrew their request
23 for oral argument. (Dkt. No. 95.)
[2] "United is in the business of Factoring, whereby it purchases accounts receivable, the terms of which are generally
24 evidenced by invoices, and in connection therewith is paid a factoring fee." (Dkt. No. 1 at 2) (internal parenthetical omitted).
25 [3] There is inconsistency with respect to Madhavi Vuppalapati's sex; Ericsson refers to Vuppalapati with the female pronoun (*see* Dkt. No. 52 at 6) and UCF uses the masculine (Dkt. No. 74 at 15). The Court refers to Vuppalapti with
26 the masculine pronoun based on its use in one of the factoring agreements disputed here. (Dkt. No. 53-1 at 17) (authorizing Vuppalapati "to enter into such contracts as he deems necessary.")

ORDER GRANTING PARTIAL SUMMARY
JUDGMENT FOR DEFENDANT ERICSSON
PAGE - 2

On December 17, 2012, Defendant Ericsson entered into an agreement with Prithvi under which Ericsson paid Prithvi for services provided by Prithvi. This agreement included an anti-assignment clause. (Dkt. No. 55-1 at 26.) In a letter dated August 30, 2010, *prior* to the date of Prithvi and UCF's agreement (September 27, 2010), UCF sent notice to Ericsson that payments owed to Prithvi should be paid directly to Ericsson pursuant to the UCF-Prithvi agreement. (Dkt. No. 1-1.) Ericsson indicates that it did not receive this letter until May of 2014. (Dkt. No. 55 at 8.) Starting in March 2013, prior to receiving notice that UCF was claiming a right to its payments, Ericsson provided the payments it owed to Prithvi pursuant to their contract; in total, over $3 million. (Dkt. No. 55-4.) Unbeknownst to Ericcson at the time, the payments it was making pursuant to its contract with Prithvi were going to UCF. (Dkt. No. 20 at 5–7.) Based on UCF's receipt of those payments, Ericsson counterclaims against UCF for unjust enrichment. (*Id.*)

Third-Party Defendant Kyko, another factoring company, has claimed—and received—payments otherwise owed to Prithvi. (Dkt. No. 52 at 5; Dkt. No. 53 at 3–4.) Kyko and the entity Prithvi Information Solutions, Ltd ("PISL") entered into a factoring agreement on or about November 21, 2011. (Dkt. No. 53-2 at 17.) However, the agreement between Kyko and PISL went sour, and Kyko successfully sued PISL (and approximately fifteen other parties including Prithvi) in this Court in 2013 (case C13-1034-MJP). (Dkt. No. 53-2 at 12–38, 40.) Kyko obtained a judgment against PISL, Prithvi, and the other defendants in the amount of $17,568,854.00. (*Id.* at 40.) In collecting on its judgment in King County Superior Court, Kyko located some of Prithvi's assets, including amounts owed to Prithvi by Ericsson pursuant to the Ericsson-Prithvi contract. (Dkt. No. 53-3 at 27–29.) After a garnishment proceeding in King County Superior Court, Ericsson was ordered to pay Kyko $189,640.84, which it did. (*Id.*) UCF had notice of this garnishment procedure and did not object. (Dkt. No. 53-3 at 47.)

B.     **The Present Litigation**

Here, UCF sues Ericsson for $184,539.50 in payments it claims it is owed under its

assignment from Prithvi which have not been paid. (Dkt. No. 1 at 5.) Ericsson counterclaims, and in so doing conditionally impleads Kyko.[4] (Dkt. No. 20 at 4.) For the reasons explained below, the Court determines that the assignments made to UCF by Prithvi were invalid and Ericsson may avail itself of an immunity defense as a garnishee. Accordingly, partial summary judgment for Ericsson is warranted and UCF's claims against Ericsson are DISMISSED.

## II.   DISCUSSION

### A.   Choice of Law

UCF argues that Texas law should apply to this dispute because it was the choice of law in the contract between Ericsson and Prithvi. (Dkt. No. 62 at 3–4.) However, this litigation is only tangentially related to the contract between Ericsson and Prithvi which was to be governed by Texas law and the UCC. (Dkt. No. 63-2 at 27.) Rather, this litigation pertains to UCF's attempt to attack a garnishment judgment from King County Superior Court based on an assignment of rights that occurred in Washington from a Washington resident. (Dkt. No. 1; *see also* Dkt. No. 27 at 3.) Accordingly, the Court applies Washington law and the UCC.

### B.   Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242,

---

[4] Ericsson's counterclaim stems from its belief that UCF's assignment was invalid; if correct, Ericsson seeks a refund of the three million dollars it has paid to Plaintiff UCF and Kyko would not be implicated. (Dkt. No. 20 at 8.) In the alternative, "if Prithvi had indeed assigned the Ericsson accounts in the amount $189,640.84 to [UCF] prior to the Writ of Garnishment, then Ericsson is entitled to a full refund of all payments made to Kyko based upon the improper garnishment." (*Id.*) In other words, Ericsson's third-party claim against Kyko is only triggered if Ericsson is incorrect in its belief that UCF's assignment was fraudulent. If UCF is able to prove that it *was* the rightful owner of the $189,640.84 garnished by Kyko from Ericsson, then Ericsson seeks a refund of the money paid to Kyko in order to give it to the proper recipient, which would either by UCF or Prithvi. (Dkt. No. 43 at 2.)

255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

For three independent reasons, each of which would be sufficient unto itself, partial summary judgment in Ericsson's favor is appropriate.

C.     **The Assignments Made to UCF Were Invalid**

Prithvi assigned its accounts receivable to UCF via 22 invoices dated between March 24, 2014 and May 6, 2014 through the signature of its purported CEO, Madhavi Vuppalapati. (Dkt. No. 57-1 at 19–60.) However, Mr. Vuppalapati was not the CEO of Prithvi on any of the signing dates: he resigned as the CEO and President on March 14, 2014. (Dkt. No. 53-3 at 23, 25.)

In response to the argument that these assignments were invalid, UCF writes, "for all anyone knows, Vuppalapati resigned as CEO but was placed in another managerial position and was still authorized to make the assignments." (Dkt. No. 62 at 10.) No evidence is offered by UCF to suggest that this is so, and Mr. Vuppalapati's resignation letter reads: "I am grateful for having had the opportunity to serve on the board of this fine organization, and I offer my best wishes for its continued success." (Dkt. No. 53-3 at 25.) The much more reasonable conclusion to draw from this letter is that he left Prithvi entirely on March 14, 2014. This is the conclusion the Court draws.

Furthermore, in its argument, UCF asks the Court to make what it calls the "reasonable inference" that Mr. Vuppalapati had authority to sign these agreements after his resignation and

shifts the burden to Ericsson to "indisputably establish this material fact in its favor." (Dkt. No. 62 at 10.) However, there is no genuine dispute of material fact raised by UCF's conjecture, nor is any argument raised to suggest that the assignments should be validated due to apparent authority. Even if there were, this would fail as under Washington law, apparent authority is conferred by the actions of the principal (Prithvi) and not the agent (Vappalapati). *Mauch v. Kissling*, 56 Wash. App. 312, 316 (Wash. Ct. App. 1989) ("Apparent authority can only be inferred from the acts of the principal and not from the acts of the agent.")

The entire basis of UCF's argument that it is the rightful recipient of payments made (through garnishment) from Ericsson to Kyko hinges on these invalid assignments. UCF's arguments are only weakened further by the fact that, when Kyko obtained its Writ of Garnishment against Ericsson, UCF didn't object despite being aware of the proceedings. (Dkt. No. 53 at ¶ 7; Dkt. No. 53-3 at 47–48.) The invalidity of the assignments from Prithvi to UCF is sufficient grounds to grant partial summary judgment for Ericsson.

**D.    Ericsson May Avail Itself of Immunity Under RCW § 6.27.300**

Rev. Code Wash. § 6.27.300 provides immunity for a garnishee who pays in accordance with a court judgment as follows:

> It shall be a sufficient answer to any claim of the defendant against the garnishee founded on any indebtedness of the garnishee or on the possession or control by the garnishee of any personal property or effects, for the garnishee to show that such indebtedness was paid or such personal property or effects were delivered under the judgment of the court in accordance with this chapter.

While UCF argues that Ericsson may not avail itself of the statute because it applies to "any claim of the *defendant*," and the defendant to the garnishment was Prithvi and not UCF, this is an inaccurate reading of the statute for three reasons. (Dkt. No. 74 at 19.) First of all, this section of the Revised Code of Washington does not define "defendant" at all, let alone so narrowly. *See* Rev. Code. Wash. § 6.27.010. Second, in 1999, the State Supreme Court interpreted the immunity provision as follows, "a garnishee's payment under a judgment is

Case 2:15-cv-00194-JCC   Document 98   Filed 12/15/15   Page 7 of 7

sufficient defense against a *debtor* who later asserts a claim on the indebtedness against the garnishee." *Watkins v. Peterson Enterprises, Inc.*, 137 Wash. 2d 632, 647 (1999) (emphasis added). Finally, the legislative intent of the garnishment statute is to protect garnishees and supports reading the statute as extending to Ericsson:

> The legislature recognizes that a garnishee has no responsibility for the situation leading to the garnishment of a debtor's wages, funds, or other property, but that the garnishment process is necessary for the enforcement of obligations debtors otherwise fail to honor, and that garnishment procedures benefit the state and the business community as creditors. The state should take whatever measures that are reasonably necessary to reduce or offset the administrative burden on the garnishee consistent with the goal of effectively enforcing the debtor's unpaid obligations.

Rev. Code Wash. § 6.27.005.

The Court finds that, as a garnishee, Ericsson is immune from UCF's suit—providing an additional basis to grant partial summary judgment in Ericsson's favor.

### III.  CONCLUSION

For the foregoing reasons, Defendant Ericsson's motion for Partial Summary Judgment (Dkt. No. 52) is GRANTED and Plaintiff UCF's Motion for Summary Judgment (Dkt. No. 74) is DENIED. UCF's claims against Ericsson are hereby DISMISSED with prejudice.

DATED this 15th day of December 2015.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PARTIAL SUMMARY
JUDGMENT FOR DEFENDANT ERICSSON
PAGE - 7