THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED CAPITAL FUNDING CORP., | CASE NO. C15-0194 JCC |
|---|---|
| Plaintiff, | ORDER GRANTING SUMMARY JUDGMENT, DENYING MOTION FOR RECONSIDERATION, AND MOOTING MOTION TO ENLARGE DISCOVERY DEADLINE |
| v. | |
| ERICSSON INC, | |
| Defendant. | |

This matter comes before the Court on Defendant Ericsson Inc.'s motion for summary judgment (Dkt. No. 99) and Plaintiff United Capital Funding Corp.'s ("UCF") motion to enlarge the discovery deadline (Dkt. No. 100) and motion for reconsideration (Dkt. No. 113). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Ericsson's motion (Dkt. No. 99) and DENIES both of UCF's motions (Dkt. Nos. 100 and 113) for the reasons explained herein.

I.   BACKGROUND

The Court has already granted partial summary judgment in this matter for Ericsson (Dkt. No. 98). In that order, the Court found as follows: Ericsson paid non-party Prithvi Solutions, Inc. over $3 million under a services contract. (Dkt. No. 98 at 3.) Unbeknownst to Ericsson, Prithvi had attempted to assign its accounts receivable to UCF, so Ericsson's payments were actually

going to UCF. (*Id.*) The Court held that Prithvi's assignments to UCF were invalid. (*Id.* at 5–6.)

In a separate proceeding, third-party Defendant Kyko Global, Inc. obtained a judgment against Prithvi and a garnishment order against Ericsson. (*Id.*) Pursuant to this order, Ericsson paid Kyko $189,640.84—the money that Ericsson still owed Prithvi. (*Id.*) Ericsson subsequently realized that it had inadvertently paid $46,907.20 of this amount to UCF via Prithvi's invalid assignment. (Dkt. No. 55 at 8; Dkt. No. 56 at 13.) In other words, Ericsson double paid—$46,907.20 went to Kyko and UCF for the same invoices.

Ericsson now moves the Court to grant summary judgment on its claim that UCF was unjustly enriched by the $46,907.20 that Ericsson paid to both it and Kyko. UCF moves the Court to enlarge the discovery deadline and reconsider its previous order.

## II.  DISCUSSION

### A.  UCF's Motions to Enlarge the Discovery Deadline and Reconsider

UCF's motion to enlarge the discovery deadline was made in order to obtain discovery from Bank of America via subpoena. (Dkt. No. 100 at 1–2.) UCF has since obtained this discovery, (Dkt. No. 113 at 4–5), so its motion is moot.

UCF's motion for reconsideration is based on Bank of America's response to UCF's subpoena. (Dkt. No. 113 at 2.) In its previous order, the Court found that Prithvi's assignments to UCF were invalid, because Prithvi's former CEO, Madhavi Vuppalapati, made them after he resigned. (Dkt. No. 98 at 5.) UCF has now obtained records from Bank of America that may show that Vuppalapati was still the owner of Prithvi even after resigning as CEO. (Dkt. No. 114-3 at 4.) UCF argues that this means that Vuppalapati retained authority to make the assignments.

"Motions for reconsideration are disfavored." LCR 7(h)(1). To prevail on its motion, UCF must demonstrate that there was "manifest error" in the Court's previous ruling, or provide

ORDER GRANTING SUMMARY JUDGMENT,
DENYING MOTION FOR RECONSIDERATION,
AND MOOTING MOTION TO ENLARGE
DISCOVERY DEADLINE
PAGE - 2

"new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). UCF does not make the necessary showing.

Between March 24, 2014 and May 6, 2014, Vuppalapati attempted to assign Prithvi's accounts receivable to UCF. (Dkt. No. 53-1 at 19–60.) Vuppalapati made these assignments under the purported title of Prithvi "CEO." (*Id.*) But, as the Court has already found, Vuppalapati resigned as CEO ten days earlier—on March 14, 2014. (Dkt. No. 98 at 5.) Vuppalapati did not make the assignments as "Owner" of Prithvi. He did so as "CEO" when he was not CEO. UCF therefore fails to show that the Court's previous order was manifestly in error. LCR 7(h)(1).

UCF also argues that its newly-discovered evidence was "unknown and unavailable" before the Court entered its order. (Dkt. No. 113 at 6.) But UCF offers no persuasive explanation for why it did not subpoena Bank of America sooner. UCF has therefore failed to demonstrate that this evidence "could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).

The Court denies UCF's motion for reconsideration (Dkt. No. 113).

**B.      Ericsson's Motion for Summary Judgment**

Ericsson moves for summary judgment on its claim that its inadvertent payment of $46,907.20 unjustly enriched UCF. "Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted).

Under Washington State law, "[t]hree elements must be established for unjust enrichment: (1) there must be a benefit conferred on one party by another; (2) the party receiving

ORDER GRANTING SUMMARY JUDGMENT,
DENYING MOTION FOR RECONSIDERATION,
AND MOOTING MOTION TO ENLARGE
DISCOVERY DEADLINE
PAGE - 3

the benefit must have an appreciation or knowledge of the benefit; and (3) the receiving party must accept or retain the benefit under circumstances that make it inequitable for the receiving party to retain the benefit without paying its value." *Dragt v. Dragt/DeTray, LLC*, 139 Wash. App. 560, 576 (2007). Ericsson has established these three elements as a matter of law.

First, it is undisputed that Ericsson paid $46,907.20 to both UCF and Kyko on the same invoices—i.e. it "erroneously paid twice." (Dkt. No. 55 at 3, 8; Dkt. No. 54 at 2, 13.) Ericsson thus conferred a benefit on UCF.

Second, UCF was aware that it was receiving this benefit. (Dkt. No. 76 at 5.) UCF was also aware that Ericsson was paying Kyko pursuant to the garnishment proceeding. (Dkt. No. 98 at 6.)

Third, it would be inequitable for UCF to retain the benefit. Ericsson paid $46,907.20 to Kyko under a court-ordered garnishment proceeding. It mistakenly paid this same amount to UCF under an invalid assignment. Kyko has a right to the payment; UCF does not.

UCF argues that Washington law "does not allow account debtors…an affirmative claim against an assignee." *Lydig Const., Inc. v. Rainier Nat. Bank*, 40 Wash. App. 141, 146 (1985). But the Court has already found that UCF was not a valid assignee. UCF also argues that Ericsson paid it before it paid Kyko, so Ericsson's claim should be against Kyko. But this argument is irrelevant, as only Kyko was entitled to the $46,907.20.

The Court therefore GRANTS Ericsson's motion for summary judgment.

## III.   CONCLUSION

For the foregoing reasons, Ericsson's motion for summary judgment (Dkt. No. 99) is GRANTED. UCF's motion for reconsideration (Dkt. No. 113) is DENIED. UCF's motion to enlarge the discovery deadline (Dkt. No. 100) is MOOT.

UCF is ORDERED to pay Ericsson $46,907.20.

DATED this 26th day of April 2016.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING SUMMARY JUDGMENT,
DENYING MOTION FOR RECONSIDERATION,
AND MOOTING MOTION TO ENLARGE
DISCOVERY DEADLINE
PAGE - 5