UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED CAPITAL FUNDING CORP., | CASE NO. C15-0194JLR |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY |
| v. | |
| ERICSSON, INC., | |
| Defendant. | |
| ERICSSON, INC., | |
| Third-Party Plaintiff, | |
| v. | |
| KYKO GLOBAL, INC., | |
| Third-Party Defendant. | |

//
//

## I. INTRODUCTION

Before the court is Plaintiff United Capital Funding Corp.'s ("United") motion to reopen discovery. (Mot. (Dkt. # 157).) Defendant Ericsson, Inc. ("Ericsson") opposes the motion. (Resp. (Dkt. # 160).) United filed a reply. (Reply (Dkt. # 163).) The court has considered the motion, the parties' submissions concerning the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES United's motion to reopen discovery for the reasons set forth below.

## II. BACKGROUND

### A. Factual Background

This case concerns four businesses: United, Ericsson, Third-Party Defendant Kyko Global, Inc. ("Kyko"), and non-party Prithvi Solutions, Inc. ("Prithvi"). The parties' dispute centers on Privthvi's assignment to United of certain accounts receivable that Prithvi maintained with Ericsson. (*See* Compl. (Dkt. # 1).)

United is in the business of "factoring"—purchasing accounts receivable from other entities. (*Id.* ¶ 7.) On September 27, 2010, United purchased some of Prithvi's accounts, including accounts receivable Prithvi had with Ericsson. (*Id.* ¶¶ 10, 12.) Following that purchase, United sent a letter to Ericsson "giving notice that Prithvi's present and future Accounts had been assigned to United, and providing that all present and future payments owing to Prithvi should instead be paid by Ericsson to and only to

---

[1] No party requests oral argument (*see generally* Mot.; Resp.), and the court has determined that oral argument would not be of assistance in deciding the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

United." (*Id.* ¶ 11; *see also id.*, Ex. 1.) Between March 2013 and May 2014, Ericsson paid approximately $3.4 million on the Prithvi invoices held by United. (Pierce Decl. (Dkt. # 161) ¶ 2, Ex. 1 at 6.[2])

United has sued Ericsson for payment of 22 outstanding Prithvi invoices that amount to $184,539.50. (Compl. ¶¶ 12-16.) In brief, United claims that, pursuant to its factoring agreement with Prithvi, Ericsson was required to pay United on the outstanding invoices. (*Id.* ¶ 15.) United further claims that Ericsson erroneously paid a different creditor, Kyko, in satisfaction of a writ of garnishment that concerned some of the same accounts. (*See, e.g.*, United Resp. to Ericsson MSJ (Dkt. # 62) at 1.) Ericsson denies that it owes $184,539.50 to United. (Am. Answer (Dkt. # 20) at 3, ¶ 15.) Ericsson also asserts a counterclaim against United for unjust enrichment, asserting that it doubly paid Kyko and United on certain Prithvi invoices. (*Id.* at 6, ¶¶ 10-12.)

**B.     Procedural Background**

On March 3, 2015, the Honorable John C. Coughenour ordered that discovery close on January 25, 2016, 120 days before trial. (3/3/15 Min. Entry (Dkt. # 37).) Over the next several months, United served on Ericsson three sets of requests for admission, two sets of requests for production, and three sets of interrogatories. (Ullman Decl. (Dkt. # 158) ¶¶ 2-8, Exs. 1-7.) In August 2015, United moved for leave to propound more than 25 interrogatories. (Interrog. Mot. (Dkt. # 81)); *see also* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no

---

[2] The court cites the page number at the bottom-left corner of the document.

more than 25 written interrogatories, including all discrete subparts."). On November 3, 2015, the court denied United's motion, emphasizing "the posture of [the] case"; by that point, Ericsson and United had already "submitted summary judgment motions . . . [that were] set for oral argument." (11/3/18 Order (Dkt. # 93) at 5; *see also* Ericsson MSJ (Dkt. # 52); United MSJ (Dkt. # 74).)

On December 15, 2015, the court granted Ericsson's motion for partial summary judgment, denied United's cross-motion for summary judgment, and dismissed United's claim against Ericsson. (12/15/15 Order (Dkt. # 98).) The court concluded that Prithvi's assignment to United was invalid and that Ericsson was immune from suit as a garnishee who paid in accordance with a court judgment. (*Id.* at 5-7.) Additionally, on April 26, 2016, the court granted summary judgment to Ericsson on its counterclaim against United for unjust enrichment. (4/26/16 Order (Dkt. # 118).) United appealed. (Not. of Appeal (Dkt. # 123).)

The Ninth Circuit Court of Appeals reversed the district court's orders on summary judgment. (*See* 9th Cir. Order (Dkt. # 133).) With respect to United's claim, the Ninth Circuit found that the district court erroneously focused on the validity of the assignment of the relevant accounts; rather, the Ninth Circuit concluded, the key issue was whether and when Ericsson received effective notice of the assignment. (*Id.* at 5.) In so finding, the Court identified at least three disputes of material fact that precluded summary judgment: (1) when Ericsson received notice of Prithvi's assignment to United; (2) whether, between March 2013 and May 2014, Ericsson knew it was paying United

//

rather than Prithvi; and (3) whether the parties' course of conduct ratified the notice as effective "despite any defects therein." (*Id.* at 9.)

Upon remand, the case was reassigned to the undersigned judge. (*See* 4/24/18 Min. Order (Dkt. # 135).) The parties submitted an amended case management report in which United suggested it intended to seek further discovery. (Am. Case Mgmt. Rep. (Dkt. # 146) at 1-2.) On October 31, 2018, the court held a status conference and ordered the parties to meet and confer on whether, in light of the passage of time or the Ninth Circuit's opinion, additional discovery was warranted. (*See* 10/31/18 Min. Entry (Dkt. # 151).) Shortly thereafter, United filed the present motion to reopen discovery. (*See* Mot.)

**C.     United's Motion**

United argues that good cause exists to reopen discovery for "limited" purposes. (*Id.* at 1.) United first contends that this case assumed "a somewhat unusual procedural posture" in the months before the January 2016 discovery deadline, effectively "preclud[ing]" United from completing discovery. (*Id.*) Specifically, United suggests that, after Judge Coughenour denied United's motion to propound excess interrogatories, on November 3, 2015, and granted Ericsson's motion for partial summary judgment, on December 15, 2015, "United believed that any right to obtain additional discovery from Ericsson was terminated or would have been futile." (*Id.* at 4.) Second, United argues that, in recent settlement discussions, Ericsson raised a "payment defense" that it failed to plead in its answer. (*Id.* at 5-6.) According to United, because United "was not on notice

//

that payment was an issue in this action, it did not conduct discovery to the extent it otherwise would have if Ericsson had properly raised it as a defense." (*Id.* at 6.)

On these grounds, United seeks to conduct further discovery in two areas: (1) the "three [i]ssues of [f]act identified in the Ninth Circuit's . . . [m]emorandum [o]pinion"; and (2) Ericsson's payment defense. (*Id.* at 2.) United proposes that the court reopen discovery so that United may depose Ericsson's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6). (*Id.* at 10); *see also* Fed. R. Civ. P. 30(b)(6). Additionally, United asks the court to permit that United request that Ericsson furnish an accounts payable report concerning certain accounts. (Mot. at 10.)

Ericsson disputes that United has shown good cause to reopen discovery. (Resp. at 1-2.) In short, Ericsson argues that United failed act diligently to complete discovery before the discovery cut-off in January 2016. (*Id.* at 2-3.) Ericsson further contends that United had sufficient notice of Ericsson's assertion that it paid United on some of the disputed accounts, as the issue "was . . . pleaded by both parties years ago." (*Id.* at 2.) Finally, Ericsson argues that the Ninth Circuit's opinion implicates no new issues of fact and thus cannot serve as a basis for additional discovery. (*Id.* at 7-8.)

The court now considers the motion.

### III.  ANALYSIS

**A.  Legal Standard**

A court may amend a scheduling order to reopen discovery only if the moving party demonstrates good cause. Fed. R. Civ. P. 16(b)(4); *see also* Local Rules W.D. Wash. LCR 16(b)(5). The good cause standard "primarily considers the diligence of the

party seeking the amendment [to the scheduling order]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id.* In addition to the diligence of the moving party, a court may consider: (1) whether trial is imminent; (2) whether the request to reopen discovery is opposed; (3) whether the nonmoving party would be prejudiced; (4) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (5) the likelihood that further discovery will lead to relevant evidence. *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997). The decision to reopen discovery lies within the discretion of the district court. *Id.*

The court first considers whether good cause exists to reopen discovery with respect to the three issues of fact the Ninth Circuit identified on appeal. It then assesses good cause in the context of Ericsson's payment defense.

**B.     Issues of Fact Identified on Appeal**

The Ninth Circuit's memorandum opinion raised no new issues of fact. Rather, the Ninth Circuit identified three existing factual disputes—when Ericsson received notice of the assignments, whether Ericsson knew it was paying United, and whether the parties' course of conduct ratified the notice—that precluded summary judgment. (9th Cir. Order at 9; *see also* Ericsson MSJ; United Resp. to Ericsson MSJ.) As United itself acknowledges, "[t]he[se] three Issues of Fact all pertain to arguments raised by Ericsson in its first Motion for Partial Summary Judgment." (Mot. at 5; *see also* Ericsson MSJ.) Indeed, in opposing Ericsson's motion, United cited evidence concerning each of the

factual issues highlighted on appeal. For instance, United argued that "undisputed facts" showed that Ericsson received notice of the assignment of its accounts before May 8, 2014, the date Ericsson claimed it received notice. (United Resp. to Ericsson MSJ at 9-10.) United also asserted that "undisputed evidence shows that Ericsson employees communicated with United [about the accounts receivable] on multiple occasions," such that Ericsson knew it was paying United rather than Prithvi. (*Id.* at 12.) As its summary judgment briefing makes clear, in no sense was United blindsided by the Ninth Circuit's directive to address these issues on remand.

United concedes that it already sought discovery on each of the factual disputes identified in the Ninth Circuit's opinion. (*See* Mot. at 6-7.) However, United appears to argue that further discovery is warranted in part because "it did not receive adequate and complete answers from Ericson [sic]" on these issues before the court granted partial summary judgment to Ericsson and dismissed United's claim. (*Id.* at 6.) That logic is unavailing. If United believed that Ericsson's responses to its discovery requests were inadequate, then its remedy was to file a motion to compel during the discovery period.[3] *See* Fed. R. Civ. P. 37(a) (providing that a party may move for an order compelling discovery after conferring in good faith with the opposing party). Ericsson served its

---

[3] The court acknowledges that United filed a motion to compel Ericsson to respond to United's first set of interrogatories. (Mot. to Compel (Dkt. # 50).) Those interrogatories were "mainly directed at Ericsson's counterclaim." (*Id.* at 2.) According to United, the discovery requests targeted to the issues of fact highlighted on appeal include the fifth and sixth interrogatories of United's first set of interrogatories, as well as United's first and second requests for production, second and third sets of requests for admission, and third set of interrogatories. (Mot. at 7.) As United's motion to compel indicates, United was aware of the proper procedure to obtain more complete answers to those discovery requests.

responses to United's written discovery well before the court's order on Ericsson's summary judgment motion and months in advance of the discovery cut-off. (*See* Ullman Decl. ¶¶ 12-20, Exs. 11-19.) United states that it engaged in good faith negotiations with Ericsson regarding Ericsson's objections "to certain written discovery" but does not explain why it neglected to file a motion to compel after those discussions failed. (Mot. at 3-4.) The court will not allow United a second bite at the apple now.

Furthermore, the court is not persuaded that Judge Coughenour's orders on excess interrogatories and Ericsson's motion for partial summary judgment prematurely truncated United's discovery efforts. United devotes much of its motion to the argument that Judge Coughenour's November 3, 2015, order, which denied United leave to propound more than 25 interrogatories, effectively halted discovery. (*See, e.g.*, *id.* at 1 ("[T]he prior District Court Judge presiding over this case precluded United from completing the discovery that United sought to obtain from Ericsson prior to the Court's ruling on summary judgment."); *id.* at 4 ("United's counsel reasonably interpreted Judge Coughenour's discovery striking order as an indication that the Court did not want the parties to conduct further discovery prior to the Court's ruling on the pending summary judgment [motions]."); *id.* at 8 ("Judge Coughenour's ruling on the Motion to Propound Excess Interrogatories was a clear indication to United that no further discovery would be permitted, despite the fact that the discovery deadline was not until January 25, 2016.").)

United adopts an unreasonably broad reading of Judge Coughenour's November 3, 2015, order. The court merely denied United leave to propound more than 25 interrogatories. (11/3/15 Order at 5.) It did not accelerate the discovery deadline or stay

discovery pending resolution of the parties' summary judgment motions. (*See generally id.*) Nor did the court prohibit United from serving requests for production, moving to compel Ericsson to answer interrogatories already propounded, or taking the Rule 30(b)(6) deposition it now seeks. (*See generally id.*) In fact, some two months after the court's order on interrogatories, United served a discovery subpoena, took a deposition of nonparty Bank of America, and moved to extend the discovery period. (*See* Mot. to Extend Disc. (Dkt. # 100) at 2 (noting that "United has already issued the Subpoena to [Bank of America]" and requesting a 20-day extension of the discovery deadline).) Those actions belie United's contention that it believed the court's November 3, 2015, order closed discovery.

In any event, the court's order on excess interrogatories has little bearing on whether United was diligent throughout the discovery period. By November 2015, discovery had been open for at least eight months. (*See* 3/3/15 Min. Entry.) United draws attention to its efforts to serve written discovery, as well as its good faith discussions with Ericsson while the parties' motions for summary judgment were pending, throughout that period. (*See, e.g.*, Mot. at 3.) But United fails to explain the omissions for which it now seeks to compensate. United never took a Rule 30(b)(6) deposition of Ericsson. (Resp. at 10); *cf. Spoerle v. Kraft Foods Global, Inc.*, No. 07-cv-300-bbc, 2008 WL 2810590, at *2 (W.D. Wisc. July 10, 2008) ("As counsel must know, depositions often reveal new information requiring follow-up discovery."). United did not immediately move to compel Ericsson's responses to written discovery after the parties' good faith discussions failed in October 2015. (*See* Mot. at 3-4.); *cf. Bank of*

*Am., NT & SA v. PENGWIN*, 175 F.3d 1109, 1117-18 (9th Cir. 1999) (noting that a party's failure to timely compel discovery, despite knowing about the other party's refusal to produce documents, was grounds not to allow additional discovery under Rule 56(f)).[4] And United appears to have propounded no discovery between July 20, 2015, and January 2016. (*See generally* Ullman Decl.; Resp. at 5 (noting that while the parties' summary judgment motions were pending, "neither party propounded any discovery of any kind").) The court recognizes that, in practical terms, Judge Coughenour's November 3, 2015, and December 15, 2015, orders may well have deterred United from seeking further discovery. In light of United's omissions throughout the discovery period, however, the court finds that United did not act diligently before the discovery cut-off.

Moreover, on balance, the remaining *Hughes* factors, *see Hughes Aircraft Co.*, 63 F.3d at 1526, weigh against reopening discovery. Although trial is not imminent (*see* 11/7/18 Min. Order (Dkt. # 155)), Ericsson vigorously opposes reopening discovery (*see* Resp.). Moreover, if the court were to grant United's motion, Ericsson would suffer prejudice in the form of additional time and expenses. *See, e.g.*, *MMMT Holdings Corp. v. NSGI Holdings, Inc.*, No. C12-1570RSL, 2014 WL 2573290, at *4 (W.D. Wash. Jun. 9, 2014) (denying the plaintiff's motion to file an amended complaint on the ground that

//

---

[4] The former Federal Rule of Civil Procedure 56(f) is substantively the same as current Federal Rule of Civil Procedure 56(d). *See, e.g.*, *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 n.7 (9th Cir. 2012).

it would necessitate reopening discovery, which in turn would impose "burdens constitut[ing] additional time, expenses and resources . . . which would prejudice defendant"). Additionally, it is not clear that further discovery will lead to relevant evidence because United fails to identify with specificity the evidence it believes it would obtain if permitted to conduct a Rule 30(b)(6) deposition of Ericsson. (*See generally* Mot.)

Accordingly, the court finds that United has failed to demonstrate good cause to reopen discovery with respect to the three issues of fact the Ninth Circuit identified on appeal.

## C. Ericsson's Payment Defense

United also seeks to reopen discovery to obtain an accounts payable report from Ericsson. According to United, in recent settlement discussions, "Ericsson generally suggested, for the first time, that it purportedly paid $82,342.00 to United on invoices identified by United in the Complaint as outstanding and owing by Ericsson to United." (Mot. at 5 (emphasis omitted).) United argues that, because Ericsson failed to assert the affirmative defense of "payment" in its answer, United lacked sufficient notice to adequately conduct discovery on this issue. (*Id.* at 5-6.) As a result, United now seeks from Ericsson:

> [A] single legible and understandable Accounts Payable Aging Report identifying all requests for payments by Prithvi, which correspond to purchase order numbers, with any corresponding payment information, including payment amount and remittance advice number[s] associated with the corresponding payment.

//

(*Id.* at 10.) Ericsson opposes this request on the ground that "it is hardly a new issue that Ericsson asserts payment of at least some of the amount that United contends is wholly unpaid." (Resp. at 9.)

The court finds that United had sufficient notice of the payment issue to conduct discovery on the information it now seeks. In its amended answer, Ericsson did not explicitly plead payment as an affirmative defense. (*See* Am. Answer.) However, Ericsson alerted United to Ericsson's contention that it had already paid United on certain Prithvi invoices identified in the complaint. Specifically, Ericsson "admit[ted] that it ha[d] not paid plaintiff all of the sums listed in the invoices from Prithvi as listed in . . . the Complaint, but denie[d] that it ha[d] made no payment." (*Id.*at 3, ¶ 15.) In other words, Ericsson expressly denied United's assertion that Ericsson did not pay any of the 22 outstanding invoices identified in the complaint. (*See* Compl. ¶ 15.)

Moreover, as United acknowledges, United conducted discovery into Ericsson's payments on the relevant invoices during the discovery period. (Mot. at 6 n.8.) For instance, in its first set of requests for admission, United asked Ericsson to "[a]dmit that Ericsson had not made any payment to United Capital for [certain] invoices or accounts" that Prithvi held with Ericsson. (Ullman Decl. ¶ 14, Ex. 13, No. 19.) Ericsson denied that it had made no such payments. (*Id.*) As far as the court can tell, United did not proceed to probe this issue further—even though, as United now admits, "United's records may be incomplete and United cannot specifically identify all open accounts without obtaining an accounts payable report from Ericsson." (Mot. at 6.) United complains that "Ericsson was cryptic with respect to Ericsson's written discovery

responses as it relates to the payment history of the parties." (*Id.* at 9.) But United neglected to move to compel adequate responses to its discovery requests on payment (*see generally* Dkt.), and the time to do so has long expired.

In light of these omissions, the court concludes that United did not diligently pursue the payment issue during the discovery period. The court further finds that, on balance, the remaining *Hughes* factors do not favor reopening discovery for the reasons set forth above. *See supra* § III.B. The court recognizes that the accounts payable report United seeks would likely contain relevant evidence. *See Hughes*, 63 F.3d at 1526. That factor alone, however, is insufficient to overcome United's failure to diligently conduct discovery into this issue during the discovery period. *See, e.g.*, *USI Ins. Servs. Nat'l, Inc. v. Ogden*, No. C17-1394RSL, 2018 WL 5886455, at *2 (W.D. Wash. Nov. 9, 2018) (denying the plaintiff's request to reopen discovery for limited purposes because the plaintiff "was not diligent in pursuing discovery"); *Gregory v. City of Vallejo*, No. 2:13-CV-00320-KJM-KJN, 2015 WL 136007, at *4 (E.D. Cal. Jan. 9, 2015) (denying motion to reopen discovery because the moving party did not "show[] diligence in pursuing [the relevant] information"). The court thus declines to reopen discovery so that United may request an accounts payable report from Ericsson.

//

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, the court DENIES United's motion to reopen discovery (Dkt. # 157).

Dated this 16th day of January, 2019.

JAMES L. ROBART
United States District Judge