UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED CAPITAL FUNDING CORP.,<br><br>       Plaintiff,<br> v.<br><br>ERICSSON INC,<br><br>       Defendant. | CASE NO. C15-0194JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.   INTRODUCTION

Before the court is Defendant Ericsson Inc.'s ("Ericsson") motion for partial summary judgment. (*See* MPSJ (Dkt. # 165).) Specifically, Ericsson asks the court on summary judgment to (1) cap Plaintiff United Capital Funding Corp.'s ("United Capital") potential damages at $107,298.84; (2) declare that United Capital cannot recover prejudgment interest; and (3) declare that United Capital cannot recover any attorney's fees. (*See id.* at 2.) United Capital opposes Ericsson's motion. (*See* Resp. (Dkt. # 179).)

The court has considered the motion, all submissions in support of and opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS in part and DENIES in part Ericsson's motion.

## II. BACKGROUND

In 2012, Ericsson and non-party Prithvi Solutions, Inc. ("Prithvi") entered into a Master Services Agreement whereby Prithvi agreed to (1) provide staffing services to Ericsson, and then (2) issue invoices for those services for Ericsson to pay. (6/18/15 McCombs Decl. (Dkt. # 55) ¶ 2, Ex. 1; 1/17/19 Pierce Decl. (Dkt. # 166) ¶ 2, Ex. 1 ("UC Pretrial Statement") ¶ 3(f)-(h); 3/4/19 Baker Decl. (Dkt. # 181) ¶ 5, Ex. 3 (attaching Master Services Agreement).) Article 24 of the Master Services Agreement states that the Agreement "shall be construed and enforced in accordance with and governed by the laws of the State of Texas, without regard to its conflict of law provisions." (3/4/19 Baker Decl. ¶ 5, Ex. 3 at 26.)

//

---

[1] United Capital requests oral argument. (*See* Resp. at title page.) Generally, the court should not deny a request for oral argument made by a party opposing a motion for summary judgment unless the motion is denied. *Dredge Corp. v. Penny*, 338 F.2d 456, 462 (9th Cir.1964). However, oral argument is not necessary where the non-moving party suffers no prejudice. *See Houston v. Bryan*, 725 F.2d 516, 517-18 (9th Cir., 1984); *Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (holding that no oral argument was warranted where "[b]oth parties provided the district court with complete memoranda of the law and evidence in support of their respective positions," and "[t]he only prejudice [defendants] contend they suffered was the district court's adverse ruling on the motion."). "When a party has an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice [in refusing to grant oral argument]." *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) (quoting *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991)) (alterations in *Partridge*). Here, the issues have been thoroughly briefed by the parties, and oral argument would not be of assistance to the court. *See* Local Rules W.D. Wash. LCR 7(b)(4). Accordingly, the court DENIES United Capital's request for oral argument.

United Capital is in the factoring business, which entails contracting to purchase accounts receivable from a client. (Compl. (Dkt. # 1) ¶ 7; UC Pretrial Statement ¶ 3(a).) The client's invoices generally provide the terms of the accounts receivable, and the client generally pays a factoring fee to United Capital. (*See* Compl. ¶ 7.) On September 27, 2010, Prithvi and United Capital entered into a Factoring Agreement, under which United Capital purchased Prithvi's invoices for services Prithvi provided to Ericsson. (*Id.* ¶ 12; UC Pretrial Statement ¶¶ 3(a)-(c), (i); 3/4/19 Baker Decl. ¶ 5, Ex. 1 (attaching the Factoring Agreement).) United Capital states that between March 11, 2013, and May 29, 2014, Ericsson paid $3,418,711.96 to United Capital in accordance with Prithvi's assignment of its accounts receivable to United Capital. (*See* 3/4/19 Baker Decl. ¶ 11.)

In 2013, former Third-Party Defendant Kyko Global, Inc. ("Kyko")[2] obtained a judgment against Prithvi. (UC Pretrial Statement ¶ 3(q).) On May 5, 2014, Kyko applied to King County Superior Court for a writ of garnishment to be issued to Ericsson. (*Id.* ¶ 3(r).) On May 6, 2014, Kyko served Ericsson with a writ of garnishment. (*Id.* ¶ 3(s).) On May 12, 2014, Ericsson answered the Writ of Garnishment stating that it was indebted to Prithvi in the amount of $189,640.84. (*Id.* ¶ 3(u).) On June 12, 2014, the King County Superior Court entered judgment and ordered garnishee Ericsson to pay Kyko $189,640.84, which Ericsson did. (*See id.* ¶¶ 3(x), (y).)

On November 24, 2014, United Capital filed the present suit against Ericsson. (*See* Compl. (Dkt. # 1).) Specifically, United Capital alleges that Ericsson owes United

---

[2] On March 4, 2019, Ericsson voluntarily dismissed Kyko. (Not. of Voluntary Dismissal (Dkt. # 178).)

Capital $184,539.50, which sum represents the total of 22 unpaid Prithvi invoices dated March 24, 2014, to May 2, 2014. (*Id.* ¶¶ 12-16.) United Capital's complaint seeks "judgment in the amount of $184,539.50, together with prejudgment interest, costs and as may be allowed, reasonable attorney's fees." (*Id.* at 6; *see also id.* ¶ 16 ("Ericsson owes United [Capital] the sum of $189,539.50 plus prejudgment interest at the rate prescribed by law."); *id.* ¶ 18 ("To the extent the substantive laws of the [s]tate of Texas may apply to this claim, United [Capital] is entitled to be reimbursed for all of its attorney's fees incurred pursuant to Tx. Civ. Proc. & Rem. Statute 38.001.").) In its response to Ericsson's present motion, however, United Capital argues that it is entitled to recover $189,640.84, which is the sum that Ericsson paid to Kyko in the garnishment proceeding and approximately $5,000.00 more than United Capital claimed in its complaint. (Resp. at 6.)

Ericsson denies that it owes $184,539.50 to United Capital. (*See* Am. Answer (Dkt. # 20) ¶ 15.) Ericsson pleaded affirmative defenses, including that it had paid the $189,640.84 it owed to Prithvi via the garnishment proceeding. (*Id.* ¶ 23 & Counterclaim ¶ 6.) Ericsson also counterclaimed alleging that it had already paid United Capital more than $3,000,000.00, including overpayments while the writ of garnishment was pending. (*Id.* Counterclaim ¶¶ 8-9.)

On June 18, 2015, Ericsson moved for summary judgment on United Capital's claim. (1st Ericsson MSJ (Dkt. # 52).) In support of that motion, Ericsson filed two declarations from employees calculating the amount that Ericsson paid to United Capital. (*See* 6/18/15 McCombs Decl. (Dkt. # 55); 6/18/15 Sanchez Decl. (Dkt. # 54).) Ericsson

provided testimony that it paid $189,640.84 in response to the writ of garnishment, and then continued paying on the same invoices after the garnishment because its accounting department inadvertently failed to create a "payment block" in its computer system for some of the invoices that Ericsson paid through the garnishment. (6/18/15 McCombs Decl. ¶ 6.) Ericsson further provided testimony and evidence indicating that it paid $82,342.00 to United Capital's bank account following the May 5, 2014, garnishment. (*See id.*) Accordingly, Ericsson argues in its present motion that United Capital's maximum possible recovery against Ericsson is $107,298.84 ($189,640.84, presently claimed by United Capital (*see* Resp. at 6), minus $82,342.00). (*See* MPSJ at 2.)

On July 16, 2015, United Capital filed its own motion for summary judgment seeking resolution of its claim and Ericsson's counterclaim. (UC MSJ (Dkt. # 74).) In a supporting declaration, United Capital's Chief Financial Officer testified that Ericsson owed United Capital $182,474.50 for the 22 invoices listed in the complaint. (7/16/15 Baker Decl. (Dkt. # 76) ¶ 25.) This is a different amount than the $184,539.50 listed in United Capital's complaint. (*Compare id. with* Compl. ¶¶ 12-16.) In its response to Ericsson's present motion for partial summary judgment, United Capital asserts that it is entitled to recover the entire $189,640.84 that Ericsson paid to Kyko. (Resp. at 6.) However, United Capital also provides testimony that it made an inadvertent "scriveners error" in calculating the amount Ericsson allegedly owes and subsequently determined the Ericsson owes United Capital a total of $190,566.30 for the 22 invoices listed in its complaint. (*Id.* (citing 3/4/19 Baker Decl. ¶ 32).) Thus, over the course of the litigation, United Capital has asserted at least four different amounts that Ericsson allegedly owes.

On December 15, 2015, the court granted summary judgment in favor of Ericsson on United Capital's claim as well as on Ericsson's counterclaim. (12/15/15 SJ Order (Dkt. # 98).) In so ruling, the court determined as a preliminary matter that Washington law applies to this litigation:

> [United Capital] argues that Texas law should apply to this dispute because it was the choice of law in the contract between Ericsson and Prithvi. . . . . However, this litigation is only tangentially related to the contract between Ericsson and Prithvi which was to be governed by Texas law and the UCC. . . . . Rather, this litigation pertains to [United Capital's] attempt to attack a garnishment judgment from King County Superior Court based on an assignment of rights that occurred in Washington from a Washington resident. . . . . Accordingly, the Court applies Washington law and the UCC.

(*Id.* at 4 (docket citations omitted).)

United Capital appealed. (*See* Not. of App. (Dkt. # 123).) The Ninth Circuit reversed the district court's grant of summary judgment to Ericsson but affirmed the district court's decision that Washington law applies:

> In determining what law applies, the court looks to the choice of law rules of the state in which the district court sits—in this case Washington. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Unless the parties have clearly expressed a choice of law, courts in Washington look to "the state with the most significant relationship to the issue in question." *W. Am. Ins. Co. v. MacDonald*, 841 P.2d 1313, 1315 (Wash. Ct. App. 1992). Because there is no agreement between Ericsson and United [Capital] that expresses a choice of law, we determine which state has the most significant relationship to the action.
>
> At its core, this case concerns a dispute over the right to payment associated with Kyko's garnishment judgment entered in Washington state court, which arose from a judgment entered in the Western District of Washington. Indeed, despite United [Capital]'s contention that the garnishment action is irrelevant to its claims, United [Capital] asserts that "[i]nstead of paying United [Capital] on [the] 22 accounts, Ericsson paid Kyko . . . in response to a garnishment writ" and that "[t]he money that Ericsson paid to Kyko included payment of the same 22 accounts that Ericsson owed to United."

> Blue Br. at 8, 10. Thus, Washington has the most significant relationship to the case, and we will apply Washington law.

(9th Cir. Mem. Dec. (Dkt. # 133) at 4-5.)

Following remand from the Ninth Circuit, this matter was reassigned to the undersigned judge. (Min. Order (Dkt. # 135).) Ericsson moves once again for partial summary judgment. (*See* MPSJ.) The court now considers Ericsson's motion.

### III.   ANALYSIS

Ericsson seeks partial summary judgment on three issues. (*See generally* MPSJ.) First, Ericsson asks the court to cap United Capital's potential damages at $107,298.84. (*Id.* at 2.) Second, Ericsson asks the court to rule on summary judgment that United Capital cannot recover prejudgment interest. (*Id.*) Finally, Ericsson asks the court to rule on summary judgment that United Capital cannot recover any attorney's fees. (*Id.*) After briefly discussing the standard for a summary judgment motion, the court addresses the foregoing issues in reverse order.

### A.   Summary Judgment Standard

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden,

then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658. The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**B.     Attorney's Fees**

Ericsson moves for summary judgment on United Capital's claim for attorney's fees. (MPSJ at 10.) Ericsson argues that both this court and the Ninth Circuit have ruled that Washington law applies to this dispute. (*Id.*; *see also* 12/15/15 SJ Order at 4; 9th Cir. Mem. Dec. at 4-5.) Washington limits attorney fees to $200.00 for prevailing parties in the absence of a contract, statute, or recognized equitable exception. *See* RCW 4.84.080; *City of Seattle v. McCready*, 931 P.2d 156, 160 (Wash. 1997). Ericsson notes that there is no contract between United Capital and Ericsson. (MPSJ at 2, 10.) Further, United Capital is suing Ericsson under Section 9-406 of the Uniform Commercial Code ("UCC"). (*See* Compl. ¶ 14.) Yet, in Washington, "[t]he UCC does not provide for an award [of attorney's fees] for a prevailing party." *King Aircraft Sales, Inc. v. Lane*, 846 P.2d 550, 558 (Wash. Ct. App. 1993) (citing, among other authorities, *Micheal-Regan Co. v. Lindell*, 527 F.2d 653, 656 (9th Cir. 1975) (stating that Washington law does not authorize recovery of attorney's fees under the UCC)). In the absence of any contractual, statutory, or other equitable ground, Ericsson argues that the court must grant summary judgment in its favor on this issue. (MPSJ at 10.)

//

United Capital agrees that Washington law applies, but nevertheless asserts that "pursuant to Washington's choice-of-law rules [the court] should enforce the choice-of-law provision contained in . . . the Master Services Agreement between Ericsson and Prithvi," which applies Texas law to construe and enforce that agreement. (Resp. at 7 (citing Baker Decl. ¶ 5, Ex. 1 § 24).) United Capital argues that "since Prithvi had the right to enforce the [Master] Services Agreement and recover attorney's fees from Ericsson under Tx. Civ. Proc. & Rem. Statute § 38.001, so too does United [Capital]" pursuant to the Factoring Agreement between United Capital and Prithvi. (*See* Resp. at 10.)

The court disagrees. The Factoring Agreement between United Capital and Prithvi never mentions the Master Services Agreement. (*See generally id.*) Instead, it states that "[Prithvi] shall offer to sell to [United Capital] as absolute owner such of [Prithvi's] Accounts as are listed from time to time on Schedule of Accounts." (*Id.* ¶ 2.1.) An "Account" is defined as "a right to payment of a monetary obligation, whether or not earned by performance, . . . for services rendered or to be rendered." U.C.C. § 9-102 (Am. Law Inst. & Unif. Comm'n 1977).[3] The dispute here does not involve any claim or allegation of a breach of the Master Services Agreement. No party alleges that Prithvi did not perform under the Master Services Agreement or that United Capital is not

//

---

[3] The Factoring Agreement states that "[a]ll capitalized terms not herein defined shall have the meaning set forth in the [UCC]." (Baker Decl. ¶ 5, Ex. 1 at 3.) The term "Account" is capitalized in the Factoring Agreement but not defined therein. (*See generally id.*) Thus, the court gives this term the meaning set forth in the pertinent portion of the UCC.

entitled to payment on the invoices based on any breach by Prithvi.[4]  Rather, the crux of this suit involves a dispute over whether—following the execution of the Factoring Agreement between United Capital and Prithvi—Ericsson paid, did not pay, partially paid, or misdirected its payment (due to the garnishment proceeding in Washington) on the invoices at issue.[5]

Indeed, as this court previously explained when ruling that Washington law applies to this dispute, "this litigation is only tangentially related to the [Master Services Agreement] between Ericsson and Prithvi."[6] (12/15/15 SJ Order at 4.)  Accordingly, the court finds no reason to revisit its earlier choice-of-law ruling or to depart from the Ninth Circuit's prior ruling on appeal that this suit is governed by Washington law.  As noted

---

[4] (*See* Compl. ¶ 13 ("Ericsson received each of the Outstanding and Unpaid Invoices and has never communicated or ever objected to any of the goods or services provided by Prithvi to Ericsson supporting the sums due under the Outstanding and Unpaid Invoices."); Am. Answer ¶ 13 ("Ericsson admits that it did not object to the services provided by Prithvi to Ericsson supporting the sums due in the invoices.").)

[5] (*See* Compl. ¶ 15 ("United [Capital] has never received any payment of any of the amounts due and owing in connection with the Outstanding and Unpaid Invoices . . . ."), ¶ 17 ("United [Capital] has suffered damages by virtue of Ericsson having failed to fulfill its obligation to may payment to United [Capital] under the terms of the invoices and as statutorily required by 9-406 of the UCC."); Am. Answer ¶ 15 ("Ericsson admits that it has not paid plaintiff all of the sums listed in the invoices from Prithvi as listed in paragraph 12 of the Complaint, but denies it has made no payment."), ¶ 23 (". . . Ericsson has paid the disputed amounts sought by [P]laintiff."), ¶ 8 (Counterclaim) ("In its Complaint, [United Capital] claims that Prithvi had already assigned to it the Ericsson accounts receivable, and that Ericsson should have paid [United Capital] instead of satisfying the Garnishment Judgment.").)

[6] Ericsson also asserts liability defenses based on its assertion that United Capital's notice letter to Ericsson was not sufficiently detailed to constitute notice of the assignment.  (*See* Reply (Dkt. # 183) at 2 n.3; Am. Answer ¶ 22 ("The Complaint fails because the alleged account assignments were fraudulent, improper or invalid.").)  These defenses also do not implicate Prithvi's performance under the Master Services Agreement (*see* Am. Answer ¶ 13), and they are not at issue in this motion.

above, under Washington law, United Capital is not entitled to an award of attorney's fees beyond those allowed RCW 4.84.080. The court, therefore, GRANTS Ericsson's summary judgment motion on the issue of attorney's fees.[7]

**C.     Prejudgment Interest**

A court may award prejudgment interest if it is determined that the defendant's liability was for a sum certain. *See Hansen v. Rothaus*, 730 P.2d 662, 665 (Wash. 1986) ("A defendant should not . . . be required to pay prejudgment interest in cases where he is unable to ascertain the amount he owes to the plaintiff."). Ericsson argues that because United Capital has—over the course of this litigation—asserted four different totals to which it is entitled to recover from Ericsson based on the 22 invoices at issue, United Capital has not asserted a "sum certain" and, therefore, is not entitled to recover prejudgment interest should it ultimately prevail at trial. (*See* MPSJ at 10.)

The court disagrees. Under Washington law, a party is entitled to prejudgment interest where the amount due is liquidated. *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 15 P.3d 115, 132 (Wash. 2000), *as amended* (Jan. 16, 2001) (citing *Prier v. Refrigeration Eng'g Co.*, 442 P.2d 621, 626 (Wash. 1968)). A liquidated claim is "one where the evidence furnishes data which, if believed, make it possible to compute the

//

//

---

[7] In its surreply, United Capital asserts that the court should strike certain portions of Ericsson's reply concerning the anti-assignment provision in the Master Services Agreement. (Surreply (Dkt. # 185) at 2.) Because the court did not rely on this portion of Ericsson's reply or the anti-assignment provision in rendering its decision, the court DENIES United Capital's request as moot.

amount due with exactness, without reliance on opinion or discretion."[8]  *Id.*  "[T]he existence of a dispute over part or all of a claim does not change the claim from a liquidated to an unliquidated one."  *Prier*, 442 P.2d at 627.

The fact that over the course of this litigation and discovery, United Capital has asserted varying totals for the invoices at issue does not change the character of United Capital's claim from liquidated to unliquidated.  The questions that will be before the jury do "not involve opinion or an exercise of discretion regarding the amount of the award, as would be the case with general damages."  *See Weyerhaeuser*, 15 P.3d at 133.  Where, like here, "the amount sued for may be arrived at by a process of measurement or computation from the data given by the proof, without any reliance upon opinion or discretion after the concrete facts have been determined, the amount is liquidated and will bear interest."  *Prier*, 442 P.2d at 626.  "Mere difference of opinion as to the amount is . . . no more a reason to excuse [a defendant] from [prejudgment] interest than difference of opinion whether [the defendant] legally ought to pay at all, which has never been held an excuse."  *Id.* at 627 (quoting 5A Corbin, Contracts § 1046 n.69 (1964)).  Although the record presently contains disputed facts regarding how United Capital applied Ericsson's payments to various Prithvi invoices and whether Ericsson misdirected certain payments due to the garnishment proceedings or otherwise failed to pay the invoices at issue, those facts—along with the specific a specific amount due, if any—will

---

[8] In contrast, an unliquidated claim is one "where the exact amount of the sum to be allowed cannot be definitely fixed from the facts proved, disputed or undisputed, but must in the last analysis depend upon the opinion or discretion of the judge or jury as to whether a larger or a smaller amount should be allowed."  *Prier*, 442 P.2d at 626.

be determined by a jury. If the jury finds in United Capital's favor, then United Capital will be entitled to recover prejudgment interest on the amount of unpaid invoices. Accordingly, the court DENIES Ericsson's motion for summary judgment on prejudgment interest.

D. Limiting United Capital's Damages

Ericsson also moves to cap the amount of damages that United Capital may assert at trial. Ericsson argues that it paid $82,342.00 to United Capital's bank account after Ericsson answered the writ of garnishment, and that United Capital's damages must be offset by this amount. (MPSJ at 8 (6/18/15 McCombs Decl. (Dkt. # 55) ¶ 6, Ex. 3 (attaching documentation of payments); *id.* ¶ 2, Ex. 2B at 52-55 (identifying recipient bank account as belonging to United).) Ericsson asserts that applying these payments to the highest of the different totals that United Capital has alleged in this suit for the invoices at issue decreases United Capital's total possible damages award to $107,298.84. (*See* MPSJ at 8-9.)

United Capital counters that it has already given Ericsson credit for the $82,342.00 that it received from Ericsson. (Resp. at 12.) United Capital asserts that it produced reports to Ericsson in this case, including a document entitled, "Collection Report (Format A) – Collection posted between 7/31/2013 and 5/30/2014," showing that United Capital received $82,342.00 from Ericsson and applied those monies to payment of Prithvi accounts. (Resp. at 12-13 (citing Baker Decl. ¶¶ 25-28, Ex. 18).) [9] United Capital

---

[9] Ericsson asserts that Mr. Baker's declaration is based solely on hearsay because he asked "counsel" to perform the reconciliation. (*See* Reply (Dkt. # 183) at 4 (citing Baker Decl.

also concluded after reviewing a reconciliation of Ericsson's payments with its own records that Ericsson "failed to pay United [Capital] unpaid and outstanding Prithvi invoices totaling . . . $190,566.30, and remains liable to United [Capital] for the unpaid invoices." (Baker Decl. ¶¶ 30-32.) Accordingly, the court determines that there is a genuine dispute of material fact that prohibits the court from entering summary judgment on this issue in Ericsson's favor. The court, therefore, DENIES Ericsson's motion on this issue.[10]

//
//
//
//
//
//

---

¶¶ 31-32 n.6).) The court rejects this argument because Mr. Baker attests that "United [Capital] reviewed the reconciliation and determined that . . . Ericsson failed to pay United [Capital] unpaid and outstanding Prithvi invoices . . . ." (Baker Decl. ¶ 32.)

[10] In its surreply, United Capital asks the court to strike certain portions of Ericsson's reply concerning the payments Ericsson made to Untied Capital as going beyond the scope of a proper reply by seeking relief not requested in Ericsson's motion. (Surreply at 1.) Because the court denies Ericsson's motion for summary judgment concerning a limitation on United Capital's damages, and does not grant any relief outside the scope of Ericsson's motion, the court DENIES United Capital's request as moot.
  In addition, United Capital asks the court to strike certain "objections" Ericsson raises in its reply to evidence offered by United Capital concerning Ericsson's payments on Prithvi invoices. (*Id.* at 2-3.) The "objections" United Capital asks the court to strike are more aptly viewed as arguments that go the weight of United Capital's evidence rather than true evidentiary objections. Further, because the court denies Ericsson's motion to limit United Capital's damages, the court also DENIES United Capital's request to strike Ericsson's "objections" as moot.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS in part and DENIES in part Ericsson's motion for partial summary judgment (Dkt. # 165).

Dated this 28th day of May, 2019.

JAMES L. ROBART
United States District Judge